<hr />

Michael McLaughlin *v.* Mary Spengler.

Limitation of Actions.  *Coverture.*

> The Statute of Limitations, by virtue of Code 1871, § 2156, does not run against a married woman, to whom a note is indorsed, after a new promise to her by the maker, notwithstanding her rights and remedies under other sections of the Code.

Appeal from the Chancery Court of Hinds County.

Hon. E. G. Peyton, Chancellor.

The appellant gave his promissory note, secured by mortgage, to one Smith, by whose indorsement it subsequently passed to the appellee, who was then and is now a married

woman, and to whom the appellant indorsed upon the note a new promise. The defence of the Statute of Limitations to the foreclosure bill was disallowed upon the ground of the appellee's coverture.

*Nugent & McWillie*, for the appellant.

The Code 1871, in § 1783, and other sections, by conferring on married women full power to sue, and other rights, does away with the disability of coverture, and, in effect, repeals § 2156 of the Code. The Statute of Limitations, therefore, runs against them. *Brown* v. *Cousens*, 51 Maine, 301; *Ball* v. *Bullard*, 52 Barb. 141; *Ong* v. *Sumner*, 1 Cin. 424.

*Shelton & Shelton*, for the appellee.

The remedy is not barred, but is within Code 1871, § 2156, which is not repealed by other parts of the Code. Repeals by implication are not favored. It must be plain before the courts will hold that an absolute statutory enactment is so abrogated. *Smith* v. *Vicksburg*, 54 Miss. 615; *Gibbons* v. *Brittenum*, 56 Miss. 232.

CAMPBELL, J., delivered the opinion of the court.

The new promise was made to Mrs. Spengler, a married woman at the time of the promise, and who continued such, and was a married woman at the time of exhibiting her bill. The Statute of Limitations did not run against her after the new promise. This is the express provision of Code 1871, § 2156, and we are not authorized to disregard it or explain it away, however decided may be the conviction that, with the investiture of married women with all the rights of property and remedies possessed by persons *sui juris*, they should not have been included among those saved from the bar of the statute for the limitation of actions. We have examined the cases cited by counsel from the reports of decisions in other States on this subject, but feel bound by the unmistakable statutory declaration that persons under coverture shall not be subject to the operation of the Statute of Limitations. This is part of the code of statutes which confers rights and remedies on married women, and can no more be ignored or set aside than can that part of the Code which declares their rights and remedies.          *Decree affirmed.*